**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEWART LAMLE,

           Plaintiff - Appellant,

  v.

CITY OF SANTA MONICA, a Municipal
corporation; et al.,

           Defendants - Appellees.

No. 10-56580

D.C. No. 2:04-cv-06355-GHK-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Stewart Lamle appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging federal and state law claims challenging ordinances

that regulate his sale of a board game at an outdoor pedestrian mall in Santa

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Monica. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the dismissal of claims and summary judgment, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and we affirm.

The district court properly dismissed Lamle's First Amendment claims facially challenging both ordinances at issue because Lamle failed to allege facts as to how the ordinances impermissibly restricted expressive conduct or were unconstitutionally vague or overbroad. *See Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998).

The district court properly dismissed Lamle's First Amendment claim alleging an as-applied challenge to the Street Performers Ordinance because Lamle failed to allege how the allegedly under-inclusive definition of street performance in this ordinance amounted to viewpoint discrimination. *See id.*

The district court properly granted summary judgment on Lamle's First Amendment claim alleging an as-applied challenge to the Vending Ordinance because Lamle failed to raise a genuine dispute of material fact as to whether this ordinance constituted viewpoint discrimination, and not a reasonable time, place, and manner restriction on expressive activity. *See id.*

The district court properly dismissed all of Lamle's claims against the prosecutor defendants because their alleged conduct fell within the scope of

prosecutorial duties that are entitled to absolute immunity. *See Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001).

The district court properly dismissed Lamle's Fourth, Fifth, and Sixth Amendment claims to the extent that they arose before August 4, 2002 because they were time-barred, and properly dismissed his state law claims because Lamle failed to comply with the California Tort Claims Act. *See* Cal. Gov't Code § 945.4 (claims presentment is necessary before suing public entities); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (under California law, there is a two-year limitations period for § 1983 claims).

The district court did not abuse its discretion in denying Lamle leave to file a fourth amended complaint because further amendment would have been futile. *See Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court has broad discretion to deny leave to amend after having previously granted it).

The district court did not abuse its discretion in denying Lamle's motion for a continuance of summary judgment so he could conduct further discovery because Lamle failed to establish how additional discovery would have precluded summary judgment. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (standard of review for Fed. R. Civ. P. 56(d) motions).

We grant defendants' request for judicial notice. *See* Fed. R. Evid. 201.

We do not consider issues raised for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

Arguments not expressly raised or supported by argument are deemed waived, including challenges to the dismissal of claims on the basis of qualified immunity or for failure to allege facts necessary to impose municipal liability. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**